IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| State Farm Fire and Casualty Co., | ) | C/A No.: 3:11-cv-02844-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Sparkleberry Hill Apartments, a | ) | |
| Limited Partnership; | ) | |
| Boyd Management, Inc.; | ) | |
| Leanna Taylor Cruz, individually and | ) | |
| as parent and guardian of her daughter | ) | |
| A.C.C., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on a motion to dismiss filed by Defendants Sparkleberry Hill Apartments, L.P. ("Sparkleberry") and Boyd Management, Inc. ("BMI"). Defendants Sparkleberry and BMI (collectively "defendants") contend that this court does not have subject matter jurisdiction over this case because the amount in controversy requirement has not been met.

I.      Factual and Procedural History

Sparkleberry owns and BMI manages an apartment complex known as Sparkleberry Hill Apartments ("Apartments") located in Columbia, SC. In March 2011, Sparkleberry and BMI were served with a complaint in which Leanna Cruz and her daughter ("Cruz") sought damages for alleged injuries caused by alleged mold in their apartment. Upon receipt, Sparkleberry and BMI forwarded the complaint to State Farm

1

Fire and Casualty Company ("State Farm") and requested that State Farm provide both coverage and a defense under an Apartment Policy naming the defendants as insureds.

State Farm denied coverage for mold-related claims but agreed to provide a defense through trial under a reservation of rights to the extent the policy can be read as asserting non-mold negligence claims. State Farm then filed this declaratory judgment action seeking a declaration that State Farm "is under no duty to indemnify the Cruz claim for any damage allegedly caused by exposure to mold." (ECF No. 1, p. 5). Specifically, State Farm contends that Endorsement No. 6566 is a part of the insurance policy and that it excludes certain losses related to mold.

Defendants Sparkleberry and BMI have filed this Motion to Dismiss alleging that Endorsement No. 6646 ("FE 6646") is applicable and that it provides for $50,000 of limited coverage for mold-related claims. Sparkleberry and BMI submit that the only issue for this case is whether State Farm can be held liable under FE 6646. Because the defendants' maximum recovery would be $50,000 even if FE 6646 is applicable, they contend that it is impossible for this case to meet the $75,000 jurisdictional amount requirement under 28 U.S.C. § 1332(a)(1). As such, Defendants Sparkleberry and BMI ask that this case be dismissed.

Defendant Leanna Taylor Cruise, the plaintiff in the underlying state action against Defendants Sparkleberry and BMI, has not responded to the Complaint in the instant action, nor has she filed a response to the pending Motion to Dismiss. On January 9, 2012, this court held a hearing in which State Farm, Sparkleberry, and BMI were able to present their arguments on the Motion to Dismiss.

## II. Legal Standard

Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when they have been given the authority to do so by the Constitution and by federal statute. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). According to 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000. (2006). In the Fourth Circuit, "it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2001) (quoting *Gov't Emps. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). As to the burden of showing jurisdictional amount, "the federal courts have developed a principle that if the defendant (or the district judge) challenges the satisfaction of the jurisdictional amount requirement it will succeed only if it is shown that there is a legal certainty that the amount in controversy cannot be recovered." 14AA Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3702 (4th ed. 2011).

## III. Analysis

In their Motion to Dismiss, Defendants assert that "the only real issue presented by the Complaint is whether State Farm may be held liable under the endorsement." (ECF No. 9-1, p. 2). According to Defendants, whether they prevail or not on the Motion to Dismiss, the maximum amount in controversy for purposes of this declaratory judgment

action is $50,000, and, thus, it is impossible for this case to meet the jurisdictional amount. In fact, the defendants stipulated in the hearing before this court that the most that they could recover from the insurance policy, by way of indemnity coverage, on the mold-related claims would be $50,000. Defendants further stipulated that if FE 6646 does not apply, then they would be personally liable for any judgment and could not receive any indemnification from State Farm on the mold-related claims.

Plaintiff raises a number of issues in response to the Motion to Dismiss. For example, Plaintiff points out that in the underlying tort case, Cruz is seeking more than $75,000—the medical bills total $35,329.79, and Cruz is requesting treble damages. According to State Farm, the policy issued by State Farm to Sparkleberry and BMI provides three million dollars in liability coverage subject to the terms, definitions, conditions, endorsements, and exclusions of the policy. Both sides seem to agree that certain acts of negligence alleged in the Cruz claim could survive the application of the mold exclusion. State Farm asserts that the non-mold negligence claims allow them to file for a declaration as to the applicability of the entire three million dollar policy to the Cruz claim. However, State Farm has not done so in this case. State Farm's complaint "requests a declaration of rights . . . that the Plaintiff State Farm Fire and Casualty is under no duty to indemnify the Cruz claim for any damage allegedly caused by exposure to mold." (ECF No. 1, p. 5). Because in its declaratory judgment action State Farm has only asked for a declaration as to its duties with respect to the mold-related claims, this court cannot consider the pecuniary amount that would be at stake had State Farm asked for a declaration as to its duties with respect to all of the Cruz claims.

State Farm's remaining arguments that this case meets the jurisdictional amount are unpersuasive. State Farm points out that Cruz has not conceded that there is only $50,000 in coverage, but such a concession is not necessary for this court to decide the jurisdictional amount in this case. Plaintiff further asserts that it considers defense costs part of the value of this case since State Farm is providing a defense to the Cruz claim under a reservation of rights; however, the defense that State Farm has conditionally agreed to provide is based on the non-mold negligence claims. Because mold-related claims are a part of the same suit, State Farm is also providing a defense for those claims even though they have expressly denied a duty to provide a defense for those claims. Thus, whether State Farm prevails in this action or not, it is already assuming the defense costs for the mold-related claims.

As an additional argument against the dismissal of this case, State Farm contends that the defendants' concession that the amount in controversy is limited to $50,000 would not divest this court of jurisdiction because the concession developed after the filing of the complaint. State Farm also takes issue with the fact that Sparkleberry and BMI have yet to answer or counterclaim in this declaratory action, asserting that "the possibility of that counterclaim should be considered as part of the 'pecuniary result.'" (ECF No. 10, p. 4). Neither of these arguments is persuasive.

In order to show that this court lacks subject matter jurisdiction, the defendants must show to a legal certainty that jurisdictional amount cannot be met. Here, the plaintiff has asked for a declaration of its duties with respect to certain mold-related claims in an underlying lawsuit. The defendants (who would be indemnified by the

5

plaintiff if found liable in the underlying lawsuit) have stipulated that the most that they can recover under the insurance contract for the mold-related claims is $50,000. The plaintiff contends that the defendants have no coverage with respect to the mold-related claims. No other monetary amounts proposed by State Farm can be considered part of the pecuniary amount at issue in this case. As such, Defendants Sparkleberry and BMI have shown to a legal certainty that the jurisdictional amount in this case is less than that required by 28 U.S.C. § 1332(a)(1). Therefore, this court lacks subject matter jurisdiction over this case.

**IV.    Conclusion**

Based on the foregoing, this court hereby dismisses this case without prejudice.

IT IS SO ORDERED.

January 11, 2012                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                            United States District Judge